

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-87,085-03

### EX PARTE RUTHEN JAMES WEEMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2015-229-C2C IN THE 54TH DISTRICT COURT
### FROM MCLENNAN COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of one count of aggravated assault and one count of unlawful possession of a firearm and sentenced to life and ten years' imprisonment respectively. The Tenth Court of Appeals affirmed his convictions. *Weems v. State*, No. 10-17-00404-CR (Tex. App.—Waco April 10, 2019)(not designated for publication).

The Court received this writ application on January 13, 2020. On February 26, 2020, this Court dismissed it as subsequent. TEX. CODE CRIM. PRO. Art. 11.07, sec. 4. However, it has now come to the Court's attention that Applicant's prior habeas application should have been dismissed, not denied. Due to that error, this application would no longer be

considered subsequent and should be addressed on the merits. Accordingly, the Court withdraws its prior ruling which dismissed this application without written order, reopens the application, and enters this order remanding the application.

Applicant contends, among other things, that trial counsel was ineffective in sixteen different grounds. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to all of Applicant's claims of ineffective counsel. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's. The trial court shall also make a ruling on Applicant's request to exceed the page limits for his memorandum of law.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

3

by the trial court and obtained from this Court.

Filed:  April 29, 2020

Do not publish